IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 30, 2008

## STATE OF TENNESSEE v. STEVEN RAY TALLENT

**Appeal from the Circuit Court for Blount County**
**No. C-15298     Jon Kerry Blackwood, Judge**

_____

**No. E2007-01450-CCA-R3-CD - Filed April 3, 2008**

_____

The defendant, Steven Ray Tallent, pleaded guilty to a charge of domestic assault and was sentenced in the Blount County Circuit Court to a sentence of 11 months and 29 days, which was suspended to supervised probation.  On May 30, 2007, the court revoked the probation and ordered the defendant to serve 11 months and 29 days in confinement.  From that order, the defendant appeals and claims a lack of evidence.  Upon review, we affirm the judgment below.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

J. Liddell Kirk, Knoxville, Tennessee (on appeal); and Mack Garner, District Public Defender (at trial), for the appellant, Steven Ray Tallent.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Ellen Berez, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On December 10, 2004, the defendant pleaded guilty in the Blount County Circuit Court in case number C-15298 to domestic assault, *see* T.C.A. § 39-13-111, a Class A misdemeanor. He received a sentence of 11 months and 29 days' incarceration, which was suspended to supervised probation, to be served consecutively to Blount County Circuit Court case number C-10650.[1]  As part of his probation, the defendant was ordered to have no contact with the person or property of Dorothy Strickland, to undergo psychological and drug and alcohol evaluation at the Teen Challenge

[1] Blount County case number C-10650 was a conviction of child abuse and neglect, for which the defendant received a sentence of four years to be served consecutively to his conviction in Loudon County case number C-9196.

program, and to follow all recommendations.[2] Restitution was to be determined after the defendant completed Teen Challenge.

On November 2, 2005, a probation violation warrant was issued by the Blount County Circuit Court, alleging that the defendant had violated probation by testing positive for marijuana and cocaine on October 21, 2005, and by failing to complete the court ordered Teen Challenge program.[3] On February 13, 2006, the court found that the defendant had violated his probation and ordered it revoked. The defendant was ordered to serve 240 days in confinement. A restitution hearing was held on August 28, 2006, and the defendant was ordered to pay $1,783 in restitution and to complete the Teen Challenge After Care Program.

On October 30, 2006, a second probation violation warrant was issued by the Blount County Circuit Court, which was later amended on May 14, 2007. The warrant alleged that the defendant was arrested on January 15, 2006, for driving on a revoked license, that the defendant was issued a citation on December 15, 2006, for violation of the registration law, that the defendant did not enter the Teen Challenge program as required, that the defendant failed to pay restitution and court costs, and that the defendant had not reported to probation since September 2006.

The trial court held a probation revocation hearing on May 30, 2007. Carolyn Brewer, a State probation officer, testified that she began supervising the defendant on May 31, 2002, after he was released from prison on his Loudon County sentence. He received a four-year sentence to be served consecutively to the Loudon County sentence in case number C-10650 and to the consecutive 11-month-and-29-day sentence from case number C-15298.

Ms. Brewer testified that she filed the present probation violation warrant in case number C-15298 on October 30, 2006, and added additional violations in an amendment filed on May 14, 2007. Ms. Brewer testified that the defendant had failed to pay the restitution ordered by the court. The defendant had provided her a phone number to Teen Challenge in Knoxville that was for a weekly general counseling program, not a drug and alcohol program. She testified that the defendant had scheduled an appointment to meet with a counselor at Teen Challenge in Knoxville but failed to keep it. She testified that the defendant had failed to report to probation since September 2006, was arrested for driving on a revoked license, and was cited for a violation of the registration law. The defendant failed to report these violations to her.

On cross-examination, Ms. Brewer testified that she did not know any details about the defendant's current residence or job situation. She said she did not know any details of the January 15, 2006 charge for driving on a revoked license except that it happened in January and that it was recently settled.

---

[2]Drug and alcohol evaluations at Teen Challenge were ordered in case number C-10650. The probation in the current case ordered that the C-10650 evaluations, when performed, would satisfy in this case as well.

[3]This probation violation was a revocation response to both case numbers C-10650 and C-15298.

The defendant testified that he was 34 years of age and a Blount County resident. Prior to incarceration, he worked for Tillman Bolinger as a sheetrock hanger for about a year and a half. He testified that he stopped reporting to his probation officer because he went to Nashville to get his driver's license reinstated, but failed. He decided that he was going to be found in violation for the charge of driving on a revoked license anyway, so he "kind of panicked" and became afraid to report to Carolyn Brewer again.

The defendant testified that he had not made any payments because of financial hardship from bills, moving, and his children's starting school. He believed no one would understand his problems because of his criminal history.

Jessica Wallen testified that she was the defendant's fiancée and had known him for two years. She said the defendant had been working sheetrock jobs since being out of jail in September 2006. Ms. Wallen would drive him to work because the defendant's license was revoked. She testified that she told him to report to the probation officer because she "didn't want to lose him."

Tillman Bolinger testified that he had known the defendant since September 2005. He employed the defendant to hang sheetrock for his subcontract labor company. Mr. Bolinger testified that the defendant worked "quite a bit" for him and was "good at what he does." He knew the defendant was on probation and was willing to employ him. He never saw any evidence of the defendant using drugs or alcohol.

The trial court ruled that the defendant was in violation of his probation. Thus, the court revoked probation and ordered him to serve his sentence of 11 months and 29 days in confinement in case number C-15298.[4]

The defendant filed a timely notice of appeal and challenges the revocation on the grounds that the trial court abused its discretion in revoking probation when insufficient evidence supported its findings.

A trial court may revoke a sentence of probation upon a finding by a preponderance of the evidence that the defendant has violated the conditions of his release. T.C.A. § 40-35-311(e) (2006); *Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). A revocation will be upheld absent a showing that the trial court abused its discretion. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). In order to establish that the trial court has abused its discretion, the defendant must show that there is no substantial evidence to support the determination that he violated his probation. *Id.* (citing *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). Relief will be granted only when "'the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles

---

[4] The court found that the defendant's sentence in number C-10650 had expired on May 30, 2006, prior to the filing of the October 30, 2006 probation warrant in case number C-15298.

involved.'" *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)). Upon finding a violation, the trial court may "revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered." T.C.A. § 40-35-311(e). Furthermore, when probation is revoked, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310. The trial judge retains the discretionary authority to order the defendant to serve the original sentence. *See State v. Duke*, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995).

Having considered the defendant's arguments, we are unpersuaded that the trial court abused its discretion. It must be remembered, of course, that the standard of proof in a probation revocation proceeding is that of preponderance of the evidence. T.C.A. § 40-35-311 (e). Thus, the level of proof needed to sustain a probation violation allegation is considerably less than the beyond-a-reasonable-doubt standard applicable to conviction proceedings.

In the present case, substantial evidence supports the trial court's conclusion that the defendant violated his probation. In addition to the testimony from Ms. Brewer, the defendant himself admitted to committing violations, including failing to report to the probation officer, failing to complete Teen Challenge, and not paying the restitution and court costs owed to the state. We hold that the trial court did not abuse its discretion by revoking the defendant's probation and ordering him to serve his sentence in confinement. Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT JR., JUDGE